
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 15 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLUSOLA OLABODE            PLAINTIFF

VS.            CIVIL ACTION NO.: 3:14cv642 TSL-RHW

TOUGALOO COLLEGE,
AND JOHN DOES 1-15            DEFENDANTS

## COMPLAINT
*(Plaintiff Demands Trial by Jury)*

COMES NOW, the Plaintiff, OLUSOLA OLABODE, and files this <u>Complaint</u> against the aforementioned Defendants. In support thereof, the Plaintiff states as follows:

### I.

### PARTIES

1. Plaintiff OLUSOLA OLABODE (hereinafter "Dr. Olabode") is an adult resident naturalized citizen of the State of Mississippi whose place of residence is located in Hinds County, Mississippi. Dr. Olabode is of Nigerian national origin.

2. Defendant TOUGALOO COLLEGE (hereinafter referred to as "Tougaloo" or "the College") is a private college/not-for-profit corporation organized under the laws of the State of Mississippi. Process may be served through the service agent, Beverly Hogan, whose is 500 West County Line Road, Tougaloo, Mississippi 39174.

3. Defendant JOHN DOES 1-15 are those persons, firms, corporations or other entities that are in any way responsible to the Plaintiff for the damages and injuries sustained herein, and whose identities are at this time unknown, but will be added by amendment when ascertained.

JOHN DOES 1-15 include, but are not limited to, employees, contractors and/or subcontractors of the Defendants, and/or any of their successors and assigns.

## II.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 USC § 1331 (federal question jurisdiction), 28 USC § 1343 (civil rights jurisdiction), and 28 U.S.C. § 1367 (a) (ancillary jurisdiction for state law claims).

5. This Court has jurisdiction over the parties. In particular, each party has purposely availed himself/itself of the resources or protection of the State of Mississippi, and the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

6. Venue is appropriate in this Court pursuant to 28 USC § 1391 (b) (1) and (c) because Tougaloo is located in the Southern District of Mississippi.

## III.

## FACTS COMMON TO ALL COUNTS

7. Dr. Olabode received his doctorate in government from Claremont University in Claremont, California in 1982. Dr. Olabode also has a master's degree in public policy and public administration from California State University, Los Angeles, California. He is a naturalized United States citizen who was born in Nigeria, Africa.

8. In 1989, Dr. Olabode began working at Tougaloo as a tenure-track professor in the Department of Political Science, Social Science Division. In 1993, Dr. Olabode became an associate professor at Tougaloo; about that time, he received tenure. In 2009, Dr. Olabode

became a full professor at Tougaloo. He was the Chair of the Political Science Department from 1999 to 2007.

9. For the 2012-2013 school year, Dr. Olabode made a base salary of less than $38,000 per year. Including summer pay, Dr. Olabode never made more than $45,000 per year during his employment at Tougaloo.

10. Upon information and belief, the average salary for a full professor at Tougaloo College is $67,764 per year. (See Exhibit "A" – Website printout from http://www.american-school-search.com/faculty/tougaloo-college, accessed on August 14, 2014, incorporated herein by reference and made a part hereto). Accordingly, and upon information and belief, Dr. Olabode made at least 33.5% less income than the average salary for full professors at Tougaloo.

11. On May 16, 2013, President Beverly Hogan recommended terminating Dr. Olabode, stating that she was "recommending to the Tougaloo College Board of Trustees your dismissal from Tougaloo College, effective 31 May 2013." The letter goes on to say that Dr. Olabode may appeal this decision, provided that he notifies President Hogan no later than May 28, 2013. (See Exhibit "B" – Letter from Dr. Hogan to Dr. Olabode, incorporated herein by reference and made a part hereto). Dr. Olabode responded to the letter on May 22, 2013, giving notice of the procedures found in the Tougaloo College Faculty Handbook. (See Exhibit "C" – Letter from the undersigned counsel to President Beverly Hogan, incorporated herein by reference and made a part hereto.) After Dr. Olabode gave notice of his intention to proceed with the formal termination process, he was permitted to continue living on campus.

12. From May 31, 2013 to at least August 30, 2013, Dr. Olabode was led to believe that he was still employed by Tougaloo College, in view of the clear language of the Tougaloo

Handbook, in view of the College's allowing him to continue living on campus, and in view of the pending termination process, which had not completed. As such, Dr. Olabode was led to believe that the termination was only recommended by Dr. Hogan, not that it had actually occurred.

13. Dr. Olabode received a letter dated August 30. 2013, stating, "Our records indicate that your employment was terminated effective May 31, 2013." On September 9, 2013, counsel for Dr. Olabode transmitted a letter to counsel for Tougaloo taking exception to this correspondence. Therein, counsel for Dr. Olabode states:

> Even though Dr. Olabode did respond to the recommendation timely, it would appear that the College has terminated him anyway, without affording him the right to an appeal. Although I hope this is simply a miscommunication between the personnel department and the office of President Hogan, if it is not, I must protest. Such behavior would certainly be a material breach of his contract of employment.

(See Exhibit "D" – Letter from undersigned counsel to counsel for Tougaloo, dated September 9, 2013, incorporated herein by reference and made a part hereto.)

14. On October 30, 2013, counsel for Tougaloo mailed a letter to the undersigned counsel. Counsel opposite states:

> First, please inform me no later than November 8, 2013 whether Dr. Olabode will appeal his recommended termination. Should he desire to appeal, the procedure set out in the Faculty Handbook will be followed and a hearing will be timely convened. ... And finally, Dr. Olabode is required to vacate the faculty housing he has been provided, no later than November 8, 2013.

(See Exhibit "E" – Letter from counsel for Tougaloo to undersigned counsel, dated October 30, 2013, incorporated herein by reference and made a part hereto.) On November 7, 2013, the undersigned counsel prepared and transmitted to counsel opposite a draft of a petition seeking

injunctive relief. However, before the petition could be filed, counsel opposite agreed to allow Dr. Olabode to remain living on campus. Therefore, the injunctive petition was not filed.

15. On April 25, 2014, Tougaloo finally transmitted written charges, thereby beginning the formal termination proceedings (See attachment to Exhibit "C"). The "Termination Hearing" was originally scheduled for April 29, 2014, but was continued to May 7, 2014. (See Exhibit "F" – Letter from counsel for Tougaloo to undersigned counsel, dated April 25, 2014, incorporated herein by reference and made a part hereto.)

16. The Termination Hearing was conducted on May 7, 2014. The following day, the panel transmitted its recommendation that Dr. Olabode be stripped of tenure and that his appointment status be rescinded. Dr. Olabode took exception to being stripped on tenure. On June 12, 2014, the Board of Trustees notified opposing counsel that "on Thursday, June 5, 2014, [it had] approved the recommendation of the President to uphold the termination of Dr. Olusola Olabode from employment at Tougaloo College." (See Exhibit "G" – Letter to counsel for Tougaloo, dated June 12, 2014, incorporated herein by reference and made a part hereto.)

17. On May 20, 2014, the United States Equal Employment Opportunity Commission mailed a Notice of Right to Sue to Dr. Olabode, the same being based upon his Amended Charge of Discrimination that was filed on June 10, 2013. This Amended Charge alleges, inter alia, that Dr. Olabode's coworkers who are not of African/Nigerian origin were treated more favorably than he was, and that the national origin discrimination and/or retaliation he alleges violate(s) Title VII of the Civil Rights Act of 1964. (See Exhibit "H" – Right to Sue Letter / Amended Charge of Discrimination, incorporated herein by reference and made a part hereto.)

# IV.

## CAUSES OF ACTION

### *(Count I – Federal Law National Origin Discrimination)*

18. The preceding paragraphs are incorporated herein by reference as if fully copied in words and figures.

19. Tougaloo College is an employer that is covered under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e, et seq.) because it employees fifteen or more individuals for each working day in twenty or more weeks during the year in question.

20. Dr. Olabode was, at all material times, an employee of Tougaloo College and therefore was entitled to protection from unlawful discrimination.

21. Upon information and belief, Dr. Olabode was paid significantly less than the average pay for full professors at Tougaloo College (see Exhibit "A"). In addition, Dr. Olabode alleges that he was asked to travel to Africa to recruit students for the College at his own expense, something other professors were not asked to do. Likewise, Dr. Olabode alleges that but for his originating from Nigeria and/or Africa, he would not have suffered disparate treatment.

22. Dr. Olabode alleges that he has been discriminated against in violation of 42 U.S.C. §2000e (a)(1) in that he suffered discrimination with respect to his compensation, terms, conditions or privileges of employment because of his national origin (i.e., being from Nigeria, Africa).

23. Dr. Olabode seeks back pay and future pay in amounts to be determined by this Court, as well as reinstatement to his previous position and attorneys' fees and court costs in accordance with 42 U.S.C. §1988 (b).

### *(Count II – State Law Breach of Employment Contract)*

24. The preceding paragraphs are incorporated herein by reference as if fully copied in words and figures.

25. Dr. Olabode's employment contract incorporates the Tougaloo College Faculty Handbook as part of its agreement. (See Exhibit "I" – Employment Contracts, incorporated herein by reference and made a part hereto).[1] [2]

26. Dr. Olabode alleges that he was terminated in violation of the terms of the Contract and the Handbook in that procedures were not followed and that he was deprived of income from May 31, 2013 to the present in violation of his tenure agreement. Moroever, Dr. Olabode alleges that he was not dismissed for "unethical or unprofessional conduct" as is required by the Handbook.

27. Moreover, Dr. Olabode affirmatively alleges that he was terminated on June 5, 2014, and that Tougaloo's multiple failures to compensate him each month from May 31, 2013 through June 5, 2014, even though he was still employed, were material breaches of its contract with Dr. Olabode.[3]

---

1 Given the length of the Handbook, only pages 44-47 are attached; they may be found in Exhibit "B".

2 The undersigned counsel has in his possession previous contracts signed by Dr. Olabode, but not the most recent one. Therefore, seeks leave under the circumstances to supplement this complaint at a later time with this document, if the same is required.

3 In the alternative, if Dr. Olabode was actually terminated on May 31, 2013 (and therefore, if the Board was simply ratifying the President's decision to terminate him on June 5, 2014), he was not made aware of his May 31, 2013

28. Dr. Olabode seeks back pay and future pay in amounts to be determined by this Court, as well as reinstatement to his previous position and attorneys' fees and court costs.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, OLUSOLA OLABODE, seeks judgment from this Honorable Court against the aforesaid TOUGALOO COLLEGE, and JOHN DOES 1-15, jointly and severally, for compensatory damages for back and future pay in amounts to be determined by this Honorable Court, plus reinstatement to his position of employment, plus all court costs associated with this matter, including attorney's fees where applicable, plus pre-judgment and post-judgment interest.

The Plaintiff also prays for general relief, whether legal or equitable, that this Honorable Court may deem meet and proper under the circumstances.

The Plaintiff demands a trial by jury.

This, the 14th day of August, 2014.

Respectfully Submitted,

OLUSOLA OLABODE

By: _____
Matthew Wilson
Attorney for Plaintiff

---

termination until he received the August 30, 2013 letter from the Human Resources Department stating the same. Ergo, by terminating him without first following the due process steps outlined in the Handbook, and then by concealing the termination from him until August 30, 2013, thereby tolling any applicable statute of limitation, Tougaloo breached its contract with Dr. Olabode.

PREPARED BY:
MATTHEW WILSON (MS Bar #102344 / TN BPR# 28175)
The Law Office of Matthew Wilson, PLLC
203 East Main Street
Starkville, MS 39759
Telephone: 662-323-2889
Facsimile (662) 323-4069